UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
MELISSA FERNANDEZ, individually, MELISSA FERNANDEZ, as mother and natural guardian of J.M., an infant under the age of 14, MELISSA FERNANDEZ, as mother and natural guardian of E.M., an infant under the age of 14, and RAUL MARTINEZ,

       Plaintiffs,

    -against-

CITY OF NEW YORK; Police Officer YEKATERI SVERDLINA, Shield No. 7926; Sergeant METIN BAKIOGLU, Shield No. 353; Police Officer CHRISTOPHER SALCEDO, Shield No. 13295; Police Officer MICHAEL DANSKY, Shield No. 28676; Police Officer LUIS SALAVARRIA, Shield No. 10185; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

       Defendants.
------------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiffs demand a trial by jury in this action.

## PARTIES

7. Plaintiff Melissa Fernandez is a resident of Kings County in the City and State of New York.

8. Plaintiff Raul Martinez is a resident of Kings County in the City and State of New York.

9. Plaintiff J.M. is an infant under the age of 14, and son of Melissa Fernandez. J.M. is a resident of Kings County in the City and State of New York.

10. Plaintiff E.M. is an infant under the age of 14, and son of Melissa Fernandez and Raul Martinez. E.M. is a resident of Kings County in the City and State of New York.

11. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

12. Defendant Police Officer Yekateri Sverdlina, Shield No. 7926 ("Sverdlina"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Sverdlina is sued in her individual and official capacities.

13. Defendant Sergeant Metin Bakioglu, Shield No. 353 ("Bakioglu"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Bakioglu is sued in his individual and official capacities.

14. Defendant Police Officer Christopher Salcedo, Shield No. 13295 ("Salcedo"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Salcedo is sued in his individual and official capacities.

15. Defendant Police Officer Michael Dansky, Shield No. 28676 ("Dansky"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Dansky is sued in his individual and official capacities.

16. Defendant Police Officer Luis Salavarria, Shield No. 10185 ("Salavarria"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Salavarria is sued in his individual and official capacities.

17. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

18. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

19. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

20. At approximately 12:30 p.m. on September 20, 2012, Ms. Fernandez, Mr. Martinez and E.M. were lawfully present in a vehicle in the vicinity of 21st Avenue

and 85th Street in Brooklyn, New York.

21. Mr. Martinez was the driver of the vehicle, Ms. Fernandez was the front passenger and E.M. was in a car seat in the backseat of the vehicle.

22. The defendants pulled plaintiffs over without probable cause or reasonable suspicion to believe Mr. Martinez or any plaintiff had committed any crime, offense or traffic violation or infraction.

23. Defendant Sverdlina approached the vehicle.

24. Afraid because they were unlawfully stopped, Mr. Martinez and Ms. Fernandez asked that a supervisor be called to the scene.

25. A sergeant later arrived, however, when plaintiffs voiced their concerns regarding the stop, the sergeant said something to the effect of because you are making it hard on us we are now going to make it hard on you.

26. Ms. Fernandez became fearful for her safety, that of Mr. Martinez and her son, E.M., and called 911 for assistance. Additional officers arrived.

27. Mr. Martinez provided his driver's license.

28. Defendants assaulted and battered Mr. Martinez and Ms. Fernandez in front of E.M.

29. Mr. Martinez was forcibly removed from his vehicle and was thrown to the ground landing on his head.

30. At no time did Mr. Martinez resist the officers' attempts to place him in

handcuffs.

31. Ms. Fernandez was struck by defendant officer Dansky who caused her head to hit the side of the vehicle.

32. Ms. Fernandez was then placed in handcuffs and then lifted up from the ground by the chain of the handcuffs.

33. The defendants did not have probable cause or any basis to arrest Ms. Fernandez.

34. Plaintiffs Martinez and Fernandez were placed into separate police vehicles and taken to the 62nd precinct.

35. Defendants took plaintiff E.M., who was three years old at the time, out of the car and put him in a separate police car and taken to the 62nd precinct.

36. When Ms. Fernandez asked the officers what was going to happen to E.M. she was told that A.C.S. would take him.

37. Upon hearing that A.C.S. was going to be taking E.M., Ms. Fernandez began crying hysterically.

38. Mr. Martinez and Ms. Fernandez were placed in cells in the precinct.

39. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed Mr. Martinez driving while talking on a cell phone and resisting arrest.

40. The officers also falsely informed the Kings County District Attorney's

Office that Ms. Fernandez interfered with the arrest of Mr. Martinez and resisted arrest.

41. At no point did the officers observe Mr. Martinez talking on a cellphone or committing any infraction or violation of law or the penal code.

42. Against the wishes of Mr. Martinez and Ms. Fernandez officers went to J.M.'s school.

43. They pulled J.M., who was eight years old at time, out of school, placed him in the back of a police car by himself and took him to the precinct.

44. J.M. thought he was going to be arrested.

45. J.M. and E.M. remained at the precinct for several hours until their grandfather picked them up.

46. Mr. Martinez and Ms. Fernandez left the precinct for Central Booking before J.M. and E.M. were picked up and never saw them while they were in custody.

47. Mr. Martinez and Ms. Fernandez spent overnight at Central Booking.

48. Late the next morning, they were arraigned.

49. Ms. Fernandez's case was adjourned in contemplation of dismissal.

50. Mr. Martinez was released on his own recognizance.

51. Mr. Martinez and Ms. Fernandez went to Mr. Martinez's job and had to beg his boss not to fire him since he had missed two days of work and did not call to say he could not come in.

52. Mr. Martinez and Ms. Fernandez finally were able to pick up their children, E.M. and J.M.

53. Upon picking up the children, Mr. Martinez's father informed them that E.M. had been throwing up while Mr. Martinez and Ms. Fernandez were in custody.

54. The family then went to the hospital so that Ms. Fernandez and E.M. could be examined for their injuries following the incident.

55. Ms. Fernandez and E.M. were treated and released.

56. At his next court appearance, on November 8, 2012, Mr. Martinez agreed to have his case adjourned in contemplation of dismissal.

57. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

58. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

59. All plaintiffs testified at a 50-h hearing.

60. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

61. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain,

bodily injury, anxiety, loss of wages, embarrassment, humiliation, and damage to their reputations.

## FIRST CLAIM
### Unlawful Stop and Search

62. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

63. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Mr. Martinez, Ms. Fernandez and E.M. without reasonable suspicion.

64. The officers also searched Mr. Martinez's vehicle unlawfully.

65. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

66. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

67. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs plaintiffs without probable cause.

68. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM

### State Law False Imprisonment and False Arrest

69. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

70. By their conduct, as described herein, the individual defendants are liable to plaintiffs for falsely imprisoning and falsely arresting all plaintiffs.

71. Plaintiffs were conscious of their confinement.

72. Plaintiffs did not consent to their confinement.

73. Plaintiffs' confinement was not otherwise privileged.

74. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

75. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

76. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

77. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff Ms. Fernandez and Mr. Martinez.

78. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

79. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

80. By their conduct, as described herein, the defendants are liable to plaintiffs for having assaulted and battered them.

81. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

82. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## SIXTH CLAIM
### Denial Of Constitutional Right To Fair Trial

83. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

84. The individual defendants created false evidence against plaintiffs.

85. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

86. In creating false evidence against plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

87. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Malicious Abuse Of Process

88. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

89. The individual defendants issued legal process to place plaintiffs Mr. Martinez and Ms. Fernandez under arrest.

90. The individual defendants arrested plaintiffs in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their unlawful stopping of Mr. Martinez and the assault of Ms. Fernandez.

91. The individual defendants acted with intent to do harm to plaintiffs without excuse or justification.

92. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Negligent Hiring, Training and Retention

93. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

94. Defendant City, through the NYPD, owed a duty of care to plaintiffs to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiffs or to those in a like situation would probably result from the foregoing conduct.

95. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

96. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

97. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiffs' injuries.

98. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## NINTH CLAIM
## First Amendment Retaliation

99. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

100. By their conduct, as described herein, and acting under color of state law to deprive the plaintiffs Mr. Martinez and Ms. Fernandez of their right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiffs' First Amendment rights to speech by unlawfully denying their right to speak freely by subjecting them to false arrest and excessive force to deter the exercise of his First Amendment rights. Defendants' actions were taken in retaliation for plaintiffs' exercising their First Amendment rights.

101. As a consequence of the individual defendants' actions, plaintiffs have suffered violations of their First and Fourteenth Amendment rights to free speech. Plaintiffs have fear and apprehension that they will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing their First Amendment-protected activities.

102. As a direct and proximate result of the individual defendants' unlawful actions, plaintiffs have suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## TENTH CLAIM
### Intentional Infliction of Emotional Distress

103. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

104. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiffs.

105. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

106. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiffs.

Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

107. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Negligent Infliction of Emotional Distress

108. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

109. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiffs.

110. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

111. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiffs.

Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

112. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore alleged.

## TWELFTH CLAIM
### Failure To Intervene

113. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

114. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

115. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth, Sixth and Fourteenth Amendments.

116. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

# **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED: April 8, 2013
New York, New York

                          HARVIS WRIGHT
                          SALEEM & FETT LLP

                          _____
                          Afsaan Saleem
                          305 Broadway, 14th Floor
                          New York, New York 10007
                          (212) 323-6880
                          asaleem@hwsflegal.com

                          *Attorney for plaintiffs*