UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

MELISSA FERNANDEZ, individually, MELISSA FERNANDEZ, as mother and natural guardian of J.M., an infant under the age of 14, MELISSA FERNANDEZ, as mother and natural guardian of E.M., an infant under the age of 14, and RAUL MARTINEZ,

                                 Plaintiffs,

                -against-

CITY OF NEW YORK; Police Officer YEKATERI SVERDLINA, Shield No. 7926; Sergeant METIN BAKIOGLU, Shield No. 353; Police Officer CHRISTOPHER SALCEDO, Shield No. 13295; Police Officer MICHAEL DANSKY, Shield No. 28676; Police Officer LUIS SALAVARRIA, Shield No. 10185; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                 Defendants.

------------------------------------------------------------------- x

~~PROPOSED~~ **INFANT COMPROMISE ORDER**

13 CV 2134 (RRM) (MDG)

      Upon reading and filing the petition of Melissa Fernandez, parent and natural guardian of the infants JAMES MORENO and ELIJAH MARTINEZ herein, duly sworn to the 5th day of December, 2013; the affirmation of Gabriel P. Harvis, attorney for plaintiff, dated the 5th day of December, 2013; and upon all of the papers, pleadings and proceedings heretofore had herein; and it appearing that the best interests of the infants JAMES MORENO and ELIJAH MARTINEZ will be served by approval of this settlement;

      NOW, on motion of plaintiffs' attorney, it is

1. ORDERED, that the aforesaid Melissa Fernandez, parent and natural guardian of the plaintiffs JAMES MORENO and ELIJAH MARTINEZ, be and hereby is authorized and empowered to settle the action against the defendant(s) for the sum of one thousand dollars ($1,000.00) each; and it is further ordered that the aforesaid sum shall be apportioned and paid by defendant(s) as follows:

2. ORDERED, that the aforesaid defendant(s) or its insurer(s) pay the aforesaid settlement sum as follows:

    (A) The sum of $550.00 to the order of Melissa Fernandez as custodian for JAMES MORENO; and it is further ordered;

    (B) The sum of $550.00 to the order of Melissa Fernandez as custodian for ELIJAH MARTINEZ; and it is further ordered;

    (C) The sum of $900.00 to the order of Harvis Wright Saleem & Fett LLP, the above-named attorney for the plaintiffs, inclusive of attorneys' fees and all disbursements and expenditures made on plaintiffs' behalf; and it is further

3. ORDERED, that upon full payment of all of the aforesaid amounts, defendant(s) and its insurer(s) shall have no further liability herein; and it is further

4. ORDERED, that funds deposited in said Chase Bank ("Bank"), located at 8418 Bay Parkway, Brooklyn, New York, shall be held therein for the sole use and benefit of said infants, subject to the further order of this court; and it is further

5. ORDERED, that said Bank shall place these funds in the highest interest bearing time accounts or certificates of deposit, and said certificates and accounts shall be renewed upon maturity, provided, however the maturity date of such certificates and accounts or any renewal thereof shall not extend beyond the date of each infant's eighteenth (18th) birthday; and it is further

6. ORDERED, that the attorney of the plaintiffs shall serve a copy of this Order upon said Bank and shall arrange for the deposit of said funds as expeditiously as is reasonably possible; and it is further

7. ORDERED, that within thirty (30) days of this deposit of said funds in the above-designated bank(s) the above guardian shall submit to the Clerk's Office

Room 217, a copy of the certificates of deposit(s) issued by said bank(s) and there shall be no right of withdrawal from any of the aforesaid accounts and certificates of deposit until each infant plaintiff's eighteenth (18th) birthday, except upon further order of this Court, which said Order shall be certified by the Clerk of this Court; and it is further

8. ORDERED, That in the event that the balance of the aforesaid account(s) and/or certificates exceed the then prevailing Federal Department Insurance Corporation limits, the officer-trustee of said Bank and the infants' guardian herein are directed to notify the Court so that a further designation of an individual depository may be made in order to keep the balance of each such account and certificate within federally insured limits; and it is further

9. ORDERED, that Bank shall pay all monies held in the aforesaid certificates and accounts to the infant plaintiffs herein upon demand and without further court order when each infant reaches the age of eighteen (18) years upon presentation of proper proof and compliance with the Bank rules of withdrawal; and it is further

10. ORDERED, that each year (or quarterly) during the minority of the infant plaintiff, upon presentation to the above named Bank of a duly executed income tax return or documentation showing the amount of income or estimated tax due on behalf of the infant, said Bank shall provide the infant's guardian herein with checks made payable to the Internal Revenue Service and/or State and/or Municipal Taxing Authority to which said income tax is owed by said infant. However said check shall be only for such amounts as may be due and payable for that portion of the infant's personal income tax liability attributable to income earn on said accounts [including interest and penalties thereon] as shown on any official bill therefore issued by the taxing authority. Said checks shall indentify the infant and said infant's social security number in order to insure that said amounts are being made for the benefit of the infant; and it is further

11. ORDERED, that said bank(s) are hereby are authorized without further order of this Court to pay out of the infant's bank account, reasonable fees for the preparation of any income tax, return or estimated income tax return or accounting that may be required to be filed by or on the infant's behalf. Said fee shall not exceed $150.00 without the further order of the court; and it is further

12. ORDERED, that in the event of the death of said infant plaintiff on or prior to the 18th birth date of said infant, all of the aforesaid sums described in (each) said Bank shall be paid to the estate of said infant plaintiff, or to the designated beneficiary of said estate in the same amount and in the same manner as hereinbefore set forth; and it is further

13. ORDERED, that, conditional upon compliance with the terms of this order, the aforesaid parent and natural guardian of the infant plaintiff, be and is hereby authorized and empowered to execute and deliver a general release and all other instruments necessary to effectuate the settlement herein; and it is further

14. ORDERED, that, if it appears that any government agency may attach a lien to the infant's payment, this Order may be amended to allow the creation of a Supplemental Needs Trust for the benefit of the infant and the supplemental Needs Trust will be substituted as the a payee of the payments.

15. ORDERED, that the filing of a bond be dispensed in accordance with the applicable provisions of the Civil Practice Law and Rules.

_____
Honorable Magistrate Judge Marilyn D. Go

12/27/13